**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

| | | |
|---|---|---|
| **MARIA URRUTIA,** | § | |
| | § | |
| *Plaintiff*, | § | |
| | § | |
| v. | § | **CIVIL ACTION NO.: 1:21-cv-00239** |
| | § | |
| **WAL-MART STORES EAST, LP, aka and** | § | |
| **or dba as WAL-MART STORES, INC.** | § | **JURY DEMAND** |
| **and/or WAL-MART, INC.** | § | |
| | § | |
| *Defendant.* | § | |

## ORIGINAL COMPLAINT

**COMES NOW** MARIA URRUTIA (hereinafter sometimes "Plaintiff"), complaining of and about WAL-MART STORES EAST, LP, and for cause of action would show unto the Court as follows:

## PARTIES

1.     Plaintiff, MARIA URRUTIA is an individual who resides in Curry County, New Mexico.

2.     Defendant WAL-MART STORES EAST, LP, (hereinafter "WAL-MART" or "Defendant") a is foreign limited partnership registered to do business in New Mexico, and is also known as and/or does business as Wal-Mart Stores, Inc. and/or Wal-Mart, Inc. Service upon WAL-MART STORES EAST, LP can be had through Defendant's registered agent for service of process, CORPORATION PROCESS COMPANY, 726 E. MICHIGAN, STE. 330, HOBBS, NEW MEXICO 88240.

## JURISDICTION AND VENUE

3.     This Court has original diversity jurisdiction pursuant to 28 U.S.C. § 1332 as

the matter in controversy exceeds the sum or value of $75,000 exclusive of interest and costs, and the matter in controversy arose between citizens of different states.

4.      Defendant WAL-MART STORES EAST, LP is and was at all relevant times a Delaware limited partnership duly organized and existing under the laws of the State of Delaware.    Upon information and belief, its sole general partner, WSE Management, LLC, is a Delaware limited liability company.    Upon further information and belief, WAL-MART STORES EAST, LP, is also known as and/or does business under the name of WALMART-STORES, INC and/or WALMART, INC., Delaware companies.    The principal place of business for all entities mentioned is Bentonville, Arkansas.    Accordingly, WAL-MART STORES EAST, LP, is not a citizen of the State of New Mexico for diversity purposes. *See* 28 U.S.C. § 1332(c)(1) (stating "a corporation shall be deemed to be a citizen of every state and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business").

5.      Venue is proper pursuant to 28 U.S.C. § 1391 because New Mexico is the judicial district in which a substantial part of the events or omissions giving rise to the claims asserted herein occurred.

## **FACTS**

6.      This is a negligence action brought by Plaintiff to recover damages suffered as a result of the Defendant's failure to keep and maintain the premises of the Wal-Mart store in a safe condition, which ultimately caused Plaintiff to suffer personal injuries and related excruciating pain.

7.      On Saturday, March 24, 2018, at around 2:00 PM, Plaintiff went to Defendant's premises located at 3728 N Prince St, Clovis, NM 88101, Curry County, New Mexico,

commonly referred to as WAL-MART Supercenter #821 (the "Subject Premises" or "Store") during normal business hours, for shopping. Based on information and belief, at all relevant times herein, the Subject Premises where Plaintiff was shopping is/was owned, possessed, controlled and/or operated by the Defendant.

8.      As Plaintiff was walking through the front of Defendant's Store near the check-out registers and in front of the bank, Plaintiff suddenly, unexpectedly and without warning stepped on a slippery foreign transitory substance on the floor surface that caused her to slip and fall, violently striking her body, back and right knee against the hard surface floor.

9.      Plaintiff immediately felt pain after her fall, and as she lay there, she looked to see and felt what appeared to be liquid that was leaking from Defendant's ice machine on the floor that caused her to slip and fall.

10.     At all times material hereto, the condition on the floor was not open or obvious to Plaintiff.

11.     At all times material hereto, there were no adequate warnings provided to Plaintiff to warn her of the hazardous condition posed by the foreign transitory substance on the floor inside the Subject Premises that caused her to fall.

12.     As a result of the fall, Plaintiff suffered physical harms of such severity that she required emergency medical transport for evaluation and treatment. Plaintiff required follow up care for her injuries. Plaintiff's doctors identified injuries and provided Plaintiff with medical care.

13.     Based on information and belief, at all times material hereto, Defendant was the possessor and/or operator in control of the WAL-MART Store day-to-day operations at the Subject Premises.

14.     Further, at all times material hereto, Defendant's Store was open to the public for transacting business.

15.     As owner and/or possessor and/or operator in control of the Subject Premises, Defendant owed Plaintiff and others a duty to maintain the premises in a condition that would not pose an unreasonable risk of harm, including the area of the Subject Premises under Defendant's control where Plaintiff was injured.

16.     Defendant, as owner and/or possessor and/or operator in control of the Subject Premises, owed Plaintiff a duty to exercise reasonable care for her safety.

17.     All of Plaintiff's injuries occurred as a direct result of the fall inside the Subject Premises that was proximately caused by the dangerous condition described herein, which, based on information and belief, Defendant knew or, in the exercise of ordinary care, should have known existed before the incident occurred but failed to take corrective action.

18.     Based on information and belief, at the time of the incident and immediately prior thereto, various managers and employees were acting within the course and scope of their employment for Defendant.

19.     At the time of the incident and immediately prior thereto, on further information and belief, various managers and employees were engaged in the furtherance of Defendant's business.

20.     At the time of the incident and immediately prior thereto, on further information and belief, various managers and employees were engaged in accomplishing a task for which they were employed by Defendant.

21.     Plaintiff invokes the doctrine of *Respondeat Superior* as against Defendant.

22.     Based on information and belief, Defendant, by and through its agents,

servants, and employees, is liable to Plaintiff for failing to furnish sufficient warnings to make her aware of the location of the foreign transitory substance on the floor inside the WAL-MART Store, and for failing to exercise reasonable care for Plaintiff's safety.

23.     Based on information and belief, Defendant, at the time of the incident complained of herein, owned and/or possessed and/or operated and/or controlled the store at the Subject Premises and, as such, owed to Plaintiff a non-delegable duty to maintain the premises in a safe condition.

24.     Moreover, upon information and belief, Defendant, as owner and/or possessor and/or operator in control of the Subject Premises, knew or should have known of the unreasonably dangerous condition created by the foreign transitory substance on the floor inside the Subject Premises where Plaintiff fell, before the fall, and Defendant neither corrected nor warned Plaintiff of the unreasonably dangerous condition.

25.     Defendant could have prevented the fall by 1) removing the hazardous condition from the floor, 2) warning customers and visitors of the location of the hazardous condition, or 3) barricading the area around the hazard to keep customers and visitors from being able to make contact with the hazard.

26.     Plaintiff contends she did not have knowledge of the dangerous condition posed by the foreign transitory substance that caused her to fall, and she could not have reasonably been expected to discover it prior to her fall.

27.     Defendant's creation of the dangerous condition, failure to correct the condition, and/or failure to warn Plaintiff of the condition constitutes negligence, and such negligence was a proximate cause of the occurrence in question and Plaintiff's resulting injuries.

28.     Plaintiff alleges on further information and belief that, upon the occasion in question, Defendant, through its agents, servants and/or employees, failed to use ordinary care by various acts and omissions in at least the following ways:

a)  Failing to exercise ordinary care in maintaining the premises in a reasonably safe condition;

b)  Failing to exercise reasonable care to reduce or eliminate the risk to invitees, such as the Plaintiff, of the unreasonably dangerous condition;

c)  Failing to warn invitees, such as the Plaintiff, of the unreasonably dangerous condition;

d)  Creating, causing and/or allowing an unreasonably dangerous condition to exist on the Subject Premises;

e)  Failing to use reasonable care in training employees in locating, cleaning, preventing, removing, and/or warning of unreasonably dangerous conditions;

f)  Failing to use reasonable care in supervising employees to ensure they are competent in locating, cleaning, preventing, removing, and/or warning of unreasonably dangerous conditions;

g)  Failing to recognize and correct a dangerous condition; and/or

h)  Failing to exercise ordinary care with respect to the safety of store patrons.

29.     As a direct and proximate result of the occurrence made the basis of this lawsuit, and Defendant's acts as described herein, Plaintiff suffered physical injuries and sustained the following damages, the dollar value of which exceeds the minimum jurisdictional limits of the Court:

a)  Reasonable medical care and expenses in the past. These expenses were incurred by Plaintiff for the necessary care and treatment of the injuries resulting from the incident complained of herein and

such charges are reasonable and were usual and customary charges for such services in the counties in which they were provided;

b) Reasonable and necessary medical care and expenses which will, in all reasonable probability, be incurred in the future;

c) Physical pain and suffering in the past;

d) Mental anguish in the past;

e) Physical impairment in the past;

f) Disfigurement in the past;

g) Lost wages in the past;

h) Physical pain and suffering in the future;

i) Mental anguish in the future;

j) Physical impairment which, in all reasonable probability, will be suffered in the future; and

k) Loss of earnings and earning capacity which, in all reasonable probability, will be suffered in the future.

30.     The foregoing damages as alleged above exceed the minimum jurisdictional limits of this Court.

## JURY DEMAND

31.     A trial by jury on all issues so triable is demanded. Plaintiff respectfully demands trial by jury.

## PRAYER

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff, MARIA URRUTIA, respectfully prays that the Defendant be cited to appear and answer herein, and that upon a final hearing of the cause, judgment be entered for the Plaintiff against Defendant for damages in an amount within the jurisdictional limits of the Court; together with pre-judgment interest (from the date of injury through the date of judgment) at the maximum rate allowed by law;

post-judgment interest at the legal rate, costs of court; and such other and further relief to which the Plaintiff may be entitled to receive and for which she will ever pray.

Respectfully submitted,

/s/ Geoffrey E. Schorr
Geoffrey E. Schorr
Texas Bar No. 24029828
geoff@schorrfirm.com

**SCHORR LAW FIRM, PC**
328 W. Interstate 30, Suite 2
Garland, TX    75043
Tel. (972) 226-8860
Fax. (972) 226-9787

**ATTORNEYS FOR PLAINTIFF**